IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

REGINALD HARDY, )
)
Petitioner, )
)
v. ) Civil Action No. 3:14CV748–HEH
)
HAROLD W. CLARKE, )
)
Respondent. )

**MEMORANDUM OPINION**
(Accepting and Adopting Report and Recommendation)

Petitioner, Reginald Hardy, a Virginia prisoner proceeding *pro se*, submitted this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1), challenging his convictions for rape, maiming, two counts of abduction, and three counts of use of a firearm during the commission of a felony in the Circuit Court for the City of Richmond, Virginia. This Court previously dismissed an earlier § 2254 Petition from Hardy concerning these convictions. *Hardy v. O'Brien*, No. 3:09CV183, 2010 WL 724022, at *3 (E.D. Va. Mar. 2, 2010).

On December 9, 2014, the Magistrate Judge issued a Report and Recommendation recommending that the § 2254 Petition be dismissed as successive. The Court advised Hardy that he could file objections within fourteen (14) days after the entry of the Report and Recommendation. On December 31, 2014, the Court received Hardy's Objection (ECF No. 4), in which he argues that because "this Court dismissed [his previous] petition on procedural grounds (time bar)," (*id.* at 2 (citation omitted)), his "prior habeas

petition [was] unadjudicated on the merits" and fails to "trigger[ ] the bar on subsequent or successive petition[s] for habeas relief" (*id.* (citation omitted)).

Contrary to Hardy's assertions, however, dismissal of a § 2254 petition as time-barred constitutes an adjudication on the merits for the purposes of 28 U.S.C. § 2244(b)(3). *See Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005) (citation omitted) (holding that dismissal of a § 2254 petition as untimely "constitutes an adjudication on the merits and subjects future challenges . . . to the gatekeeping requirements of § 2244(b)(3)"); *see also Henderson v. Bazzle*, No. 9:08-0978-MBS-GCK, 2008 WL 1908535, at *3 (D.S.C. Apr. 29, 2008) (holding "a dismissal of a [§ 2254] petition as untimely renders a subsequent petition successive"); *cf. Harvey v. Horan*, 278 F.3d 370, 379-80 (4th Cir. 2002) (citations omitted) (agreeing with "sister circuits" that "dismissal of a habeas petition for procedural default is a dismissal on the merits for purposes of determining whether a habeas petition is successive"), *abrogated on other grounds by Skinner v. Switzer*, 562 U.S. 521 (2011). Accordingly, prior to bringing his successive § 2254 petition, Hardy was required to obtain an order from the United States Court of Appeals for the Fourth Circuit authorizing the Court to consider Hardy's petition. 28 U.S.C. § 2244(b)(3)(A). Because Hardy has not obtained such authorization, this Court lacks jurisdiction to entertain the present § 2254 petition. The Report and Recommendation will be accepted and adopted. Hardy's claims and the action will be dismissed for lack of jurisdiction.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Hardy has not satisfied this standard. A certificate of appealability will be denied.

An appropriate Final Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: Jan. 15, 2015
Richmond, Virginia